UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ADAM LILEY and NICOLE LILEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:13CV95 SNLJ |
| | ) | |
| MITEK CORPORATION, an Illinois | ) | |
| Corporation, and LOYD IVEY, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion to compel. Plaintiffs have failed to respond to the motion, and the deadline for responding has passed. The Court will grant the motion.

Defendants state that plaintiffs have failed to respond to written discovery. Specifically, defendants submitted to plaintiffs a first set of Interrogatories and Productions Requests in May 2014 and a Request for Additional Documents Responsive to Defendant's Production Requests in December 2014. Plaintiffs have failed to provide complete responses and produce all documents responsive to the production requests. Defendants have diligently attempted to resolve the matter by correspondence to plaintiffs' counsel on numerous occasions, but plaintiffs continue to fail to make the required disclosures to the outstanding discovery.

Pursuant to Federal Rule of Civil Procedure 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." This

Court will compel plaintiffs to serve complete responses and produce all documents responsive to the production requests on defendants within seven days.

Plaintiffs' failure to meet their discovery obligations is troubling. Plaintiffs should be mindful that Rule 41(b) permits a court to dismiss a cause of action with prejudice "for a failure of a plaintiff to prosecute or comply with these rules or any court order." Dismissal with prejudice is warranted "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Arnold v. ADT Sec. Services., Inc.*, 627 F.3d 716, 722-23 (8th Cir. 2010).

Defendants request their attorney's fees and costs associated with this motion. Upon granting a motion to compel, Rule 37(a)(5)(A), authorizes the Court to award "reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(5)(A); *E.E.O.C. v. McConnell*, 4:12CV1498 JAR, 2013 WL 1867580, at *1 (E.D. Mo. May 3, 2013). "The party seeking litigation fees bears the burden to provide 'evidence of the hours worked and the rate claimed.'" *E.E.O.C. v. McConnell*, at *2 (quoting *Saint Louis University v. Meyer*, 4:07CV1733 CEJ, 2009 WL 482664, at *1 (E.D. Mo. Feb. 25, 2009)). The Court will consider awarding reasonable attorney's fees and expenses incurred in making this motion and will permit defendants' counsel to submit verified documentation of the expenses and attorney's fees incurred. Plaintiffs may file a written response to be heard on the matter.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to compel discovery (ECF #26) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs shall serve complete responses and produce all documents responsive to the production requests on defendants within seven days.

**IT IS FURTHER ORDERED** that plaintiffs shall notify the Court within seven days that they have complied with this order. Failure to comply may result in sanctions, including dismissal of this action.

**IT IS FINALLY ORDERED** that defendants are granted seven days to submit verified documentation in support of their request for attorney's fees and costs associated with the filing of the motion to compel. Plaintiffs shall have seven days thereafter to file a response.

Dated this 29th day of January, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE