UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ADAM LILEY and NICOLE LILEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:13CV95 SNLJ |
| | ) | |
| MITEK CORPORATION, an Illinois Corporation, and LOYD IVEY, | ) ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on defendants' request for sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) in connection with their motion to compel. Plaintiffs filed an objection to the request. For the following reasons, the Court will grant defendants' request for sanctions.

Defendants filed a motion to compel alleging plaintiffs had failed to provide complete responses and produce all documents responsive to a first set of Interrogatories and Productions Requests in May 2014 and a Request for Additional Documents Responsive to Defendant's Production Requests in December 2014. Plaintiffs did not respond to the motion. On January 29, 2015, this Court granted defendants' motion and ordered plaintiffs to serve complete responses and produce all documents responsive to the production requests on defendants within seven days.

Defendants requested their attorney's fees and costs associated with the motion to compel. The Court's order granting the motion stated it would consider awarding

reasonable attorney's fees and expenses incurred in making the motion and permitted defendants' counsel to submit verified documentation of the expenses and attorney's fees incurred. Plaintiffs were granted an opportunity to file a written response to be heard on the matter.

Thereafter, defendants filed their motion for attorney's fees and cost with an affidavit from counsel verifying attorney's fees and costs in the amount of $2,030.33 related to the motion to compel. Plaintiffs filed an objection arguing that the amount is excessive and unreasonable.

Upon granting a motion to compel, Rule 37(a)(5)(A) requires the Court to award "reasonable expenses incurred in making the motion, including attorney's fees" with certain exceptions. Fed.R.Civ.P. 37(a)(5)(A); *E.E.O.C. v. McConnell*, 4:12CV1498 JAR, 2013 WL 1867580, at *1 (E.D. Mo. May 3, 2013); *Brown v. MV Student Transp.*, 4:11CV685 CAS, 2012 WL 2885252, at *1-2 (E.D. Mo. July 13, 2012). Specifically, where a motion to compel has been filed, Rule 37(a)(5)(A) provides:

> (A) If the Motion is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted-or if the disclosure or requested discovery is provided after the motion was filed-the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > (iii) other circumstances make an award of expenses unjust.

Here, an award of fees is not barred by the enumerated exceptions – counsel made good faith attempts to resolve the dispute before filing the motion, the nondisclosure and failure to respond was not substantially justified, and there are no other circumstances that make an award of fees unjust.

"The party seeking litigation fees bears the burden to provide 'evidence of the hours worked and the rate claimed.'" *E.E.O.C. v. McConnell*, 2013 WL 1867580, at *2 (quoting *Saint Louis University v. Meyer*, 4:07CV1733 CEJ, 2009 WL 482664, at *1 (E.D. Mo. Feb. 25, 2009)). "The party seeking litigation fees bears the burden to provide evidence of the hours worked and the rate claimed." *Saint Louis University v. Meyer*, 2009 WL 482664, at *1 (internal quotation and citation omitted). "A reasonable hourly rate is calculated based on the attorney's regular hourly rates as well as the prevailing market rates in the community." *Id.* "In determining a reasonable hourly rate, the Court may consider the skill of representation, difficulty of work performed, counsel's experience, and counsel's reputation." *Id.*

Defendants have submitted an affidavit from their counsel for attorney's fees and costs in the amount of $2030.33 with regard to the motion to compel. Defendants seek $250 per hour in 2014 and $260.00 per hour in 2015 for the services of attorney Eileen Caver and $400 per hour for the services of attorney James Pirages. Defendants have not, however, provided evidence of the prevailing rates in the community for attorneys of the experience and reputation of attorneys Caver and Pirages. Based upon its independent knowledge of the prevailing rates, the Court concludes that the requested

rates of $250 and $260 per hour are reasonable. There is, however, nothing before the Court to justify the rate of $400 per hour.

As for hours worked, the award may be reduced to exclude excessive, redundant, or unnecessary hours. *Saint Louis University v. Meyer*, 2009 WL 482664, at *2. Based on the Court's review of the billing records, the Court finds that there are entries that are excessive, redundant, or unnecessary including defendants' correspondence with their client regarding discovery and the motion to compel, defendants' counsel's correspondence with the Court following the filing of the motion to compel to check the status of the motion, and an entry for reviewing the court order. Further, defendants claim an amount for costs but fail to offer any proof as to the alleged costs. The Court finds that it is reasonable to award attorney's fees in the amount of $1144.00.

Finally, defendants filed a motion to show cause alleging that as of February 9, 2015, plaintiffs had failed to comply with the Court's order of January 29, 2015 ordering plaintiffs to serve complete responses and produce all documents responsive to the production requests on defendants within seven days. Although plaintiffs did not comply within seven days, they filed their certification of compliance with the Court on February 12, 2015. The Court will deny defendants' motion to show cause.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' request for attorney's fees (ECF #28) is **GRANTED** and they are awarded attorney's fees in the amount of One Thousand One Hundred Forty Four Dollars ($1144.00).

**IT IS FURTHER ORDERED** that plaintiffs shall pay the sum of One Thousand One Hundred Forty Four Dollars ($1144.00) within fourteen days of the date of this Order. Plaintiff shall make the check payable to Mitek Corporation and Loyd Ivey and mail it to defendants' counsel of record.

**IT IS FURTHER ORDERED** that plaintiffs shall promptly notify the Court that they have complied with this order. Failure to comply may result in sanctions.

**IT IS FINALLY ORDERED** that defendants' motion to show cause (ECF #29) is **DENIED**.

Dated this 23rd day of March, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE